John J. DICKSON, Plaintiff,

v.

AMOCO PERFORMANCE PRODUCTS,
INC., Defendant.

No. 1:92–cv–2748–RHH.

United States District Court,
N.D. Georgia,
Atlanta Division.

Jan. 27, 1994.

Alexander McArthur Irvin, Stuart & Irvin, Atlanta, GA, for plaintiff.

William A. Clineburg, Jr., King & Spalding, Atlanta, GA, for defendant.

## ORDER

ROBERT H. HALL, District Judge.

This case is before the Court on Plaintiff's Motion to Quash Amended Notice of Taking Deposition [31] and Defendant's Motion for Summary Judgment [32]. The Court DENIES Plaintiff's Motion to Quash and DENIES WITHOUT PREJUDICE Defendant's Motion for Summary Judgment.

## BACKGROUND

Plaintiff was employed by Defendant as a research and development technician from 1987 through September of 1991. In Sep-

tember of 1991, Defendant instituted a reduction-in-force and terminated Plaintiff's employment. Plaintiff claims that Defendant terminated his employment because of his age, in violation of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621 *et seq.* ("ADEA"). Defendant contends that it terminated Plaintiff's employment because he received poorer performance evaluations than did the technicians Defendant retained.

## DISCUSSION

I. *Plaintiff's Motion to Quash.*

█ Plaintiff asks the Court to quash Defendant's amended notice of taking deposition of Mr. David Mass arguing that Defendant served him with the notice almost one month after the close of discovery. Defendant responds that the parties had deposed Mr. Mass during the discovery period, but that the court reporter hired by Plaintiff lost all but fifteen pages of defense counsel's examination of Mr. Mass. After both parties attempted, without success, to remedy the problem, Defendant served its amended notice.

Defendant argues that if it is not able to re-depose Mr. Mass, it will be denied the full right to cross examine a potentially adverse witness and will have to move the Court to suppress the entire deposition. The Court agrees that Defendant should be permitted the opportunity to re-depose Mr. Mass. The questions asked on re-deposition, however, cannot depart from the line of questioning which Defendant directed at Mr. Mass at the earlier deposition. Accordingly, the Court denies Plaintiffs' motion.

II. *Defendant's Motion for Summary Judgment.*

A. *Standard of Review for Summary Judgment Motions.*

█ This Court will grant summary judgment when "there is no genuine issue as to any material fact ... and the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). In cases such as this where the movant is the defendant, that party must demonstrate that the nonmoving party, the plaintiff, lacks evidence to support an essential element of her or his claim. *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The movant's burden is "discharged by showing— that is, pointing out to the district court— that there is an absence of evidence to support the nonmoving party's case." *Id.* However, it is not enough in most situations for the movant merely to point out to the court this absence of evidence. *Id.* at 323, 106 S.Ct. at 2553; *Clark v. Coats & Clark, Inc.,* 929 F.2d 604, 608 (11th Cir.1991). Rather, "a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex,* 477 U.S. at 323, 106 S.Ct. at 2553 (quoting Fed.R.Civ.P. 56(c)).

Only after the movant meets its initial burden does any obligation on the part of the nonmovant arise. *Id.; Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 160, 90 S.Ct. 1598, 1610, 26 L.Ed.2d 142 (1970); *Clark,* 929 F.2d at 608. Nevertheless, once the movant has met this initial burden, the opposing party must present evidence establishing a material issue of fact. *Celotex,* 477 U.S. at 325, 106 S.Ct. at 2554. The nonmoving party must go "beyond the pleadings" and present evidence designating "specific facts showing that there is a genuine issue for trial." *Id.* at 324, 106 S.Ct. at 2553.

█ All evidence and factual inferences should be viewed in the light most favorable to the nonmoving party. *Rollins v. TechSouth, Inc.,* 833 F.2d 1525, 1529 (11th Cir. 1987); *Everett v. Napper,* 833 F.2d 1507, 1510 (11th Cir.1987). However, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986) (emphasis in original). An issue is not

genuine if it is unsupported by evidence or is created by evidence that is "merely colorable" or "not significantly probative." *Id.* at 250, 106 S.Ct. at 2511. Similarly, a fact is not material unless it is identified by the controlling substantive law as an essential element of the nonmoving party's case. *Id.* at 248, 106 S.Ct. at 2510.

### B. *Burden Allocation in Discrimination Claims.*

A plaintiff may establish a prima facie case of intentional discrimination by direct, circumstantial, or statistical evidence. *Carter v. City of Miami,* 870 F.2d 578, 581 (11th Cir.1989); *Buckley v. Hospital Corp. of America, Inc.,* 758 F.2d 1525, 1529 (11th Cir.1985). Direct evidence is that evidence which, if believed, "establishes discriminatory intent without inference or presumption." *Clark v. Coats & Clark,* 990 F.2d 1217, 1226 (11th Cir.1993). "Only the most blatant remarks whose intent could only be to discriminate on the basis of age constitute direct evidence." *Id.* at 1226. *Accord Carter,* 870 F.2d at 581–82. Evidence which only "*suggests* discrimination, leaving the trier of fact to *infer* discrimination based on the evidence" is, by definition, circumstantial. *Earley v. Champion Int'l Corp.,* 907 F.2d 1077, 1081–82 (11th Cir.1990) (emphasis in original).

The United States Supreme Court recently clarified the proper allocations of the burden of proof and the burden of production for evaluating claims of intentional discrimination based on circumstantial evidence. In *St. Mary's Honor Ctr. v. Hicks,* —— U.S. ——, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993), the Court explained that its decision in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), prescribed the following approach for courts to follow in addressing the merits of a discrimination claim: If the plaintiff establishes a prima facie case, that creates a presumption that the defendant unlawfully discriminated against the plaintiff. *Hicks,* —— U.S. at ——, 113 S.Ct. at 2747 (citing *Texas Dept. of Community Affairs v. Burdine,* 450 U.S. 248, 252–56, 101 S.Ct. 1089, 1093–95, 67 L.Ed.2d 207 (1981)). The presumption

places upon the defendant the burden of producing an explanation to rebut the prima facie case. *Id.* Although the burden of production shifts to the defendant upon the establishment of a prima facie case, the ultimate burden of persuasion—that the defendant intentionally discriminated against the plaintiff—never leaves the plaintiff. *Id.* If the defendant is able to produce evidence that the adverse actions were taken for "legitimate, nondiscriminatory reasons," the prima facie case is rebutted, and the plaintiff carries the full burden at trial of persuading the trier of fact not only that each of the defendant's proffered explanations is pretextual, but that the defendant intended to discriminate against the plaintiff. *Id.* at ——, 113 S.Ct. at 2749 ("[If] the defendant has succeeded in carrying its burden of production, the *McDonnell Douglas* framework—with its presumption and burdens—is no longer relevant").

If the defendant is able to meet its burden of production, "the trier of fact proceeds to decide the ultimate question: whether plaintiff has proven 'that the defendant intentionally discriminated against [him]'...." *Hicks,* —— U.S. at ——, 113 S.Ct. at 2749. "The factfinder's disbelief of the reasons put forward by the defendant (particularly if disbelief is accompanied by a suspicion of mendacity) may, together with the elements of the prima facie case, *suffice* to show intentional discrimination. Thus, rejection of the defendant's proffered reasons will *permit* the trier of fact to infer the ultimate fact of intentional discrimination." *Id.* (emphasis added). However, in contrast to some courts' previous interpretations, rejection of the defendant's proffered reasons does not alone *compel* judgment for the plaintiff. *Id.* This is because the burden of persuasion rests always with the Plaintiff.

On a motion for summary judgment, the shifting burdens accompanying such a motion are grafted onto the shifting burdens of the *McDonnell Douglas/Burdine/Hicks* analysis. The Court will discuss below the resulting burdens of proof and production. As a general matter, however, summary adjudication of a discrimination claim is fairly difficult. "[Because] in discrimination cases

an employer's true motivations are particularly difficult to ascertain ... factual determinations [are] generally unsuitable for disposition at the summary judgment stage." *Hairston v. Gainesville Sun Pub. Co.*, 9 F.3d 913, 919 (11th Cir.1993) (citing *United States Postal Serv. Bd. of Governors v. Aikens*, 460 U.S. 711, 716, 103 S.Ct. 1478, 1482, 75 L.Ed.2d 403 (1983) and *Lowe v. City of Monrovia*, 775 F.2d 998, 1009 (9th Cir.1985)).

### C. *Application.*

#### 1. *Plaintiff's Prima Facie Case.*

■ In cases based on circumstantial evidence,

a plaintiff makes out a prima facie case of age discrimination if he establishes (1) that he belongs to a protected class; (2) that he applied and was qualified for a job for which the employer was seeking applicants; (3) that despite his qualification, he was rejected; and (4) that after his rejection the position remained open and the employer continued to seek applicants of similar qualifications.

*Earley*, 907 F.2d at 1082 (citing *McDonnell Douglas*, 411 U.S. at 802, 93 S.Ct. at 1824). The Eleventh Circuit has adopted a variant on this test for addressing reduction-in-force cases based on circumstantial evidence of discrimination. In such cases, a plaintiff can establish a prima facie case by

demonstrating (1) that he was in a protected age group and was adversely affected by an employment decision; (2) that he was qualified for his current position or to assume another position at the time of discharge or demotion; and (3) evidence by which a fact finder might reasonably conclude that the employer intended to discriminate on the basis of age in reaching the decision at issue.

*Id.* (citing *Barnes v. Southwest Forest Indus. Inc.*, 814 F.2d 607, 609 (11th Cir.1987).

■ On a defendant's motion for summary judgment, the plaintiff need not come forward initially to present its prima facie case. Rather, the defendant carries the burden of demonstrating that the plaintiff lacks

evidence which could establish a prima facie case. *See Celotex*, 477 U.S. at 323, 325, 106 S.Ct. at 2553, 2554. Only upon such a demonstration must the plaintiff attempt to make any kind of evidentiary showing. *Adickes*, 398 U.S. at 160, 90 S.Ct. at 1610. In evaluating a plaintiff's showing, courts in the Eleventh Circuit have "repeated[ly] eschew[ed] ... an overly strict formulation of the elements of a prima facie case, especially in age discrimination cases." *Alphin v. Sears Roebuck & Co.*, 940 F.2d 1497, 1500 (11th Cir. 1991) (quoting *Carter*, 870 F.2d at 583).

■ Defendant here concedes that Plaintiff was a member of a protected class, that he was qualified for his job, and that he was subjected to an adverse employment action. Defendant contends, however, that Plaintiff can offer no evidence by which a reasonable fact finder could conclude that Defendant terminated his employment because of his age. Defendant argues that Plaintiff can offer evidence only of his suspicions and of "isolated and stray remarks related to his age." Defendant's Brief in Support of its Motion for Summary Judgment ("Defendant's Motion"), p. 31.

Defendant asserts that isolated and stray remarks related to a terminated employee's age cannot establish a prima facie case of discrimination. In support, however, Defendant cites only cases which do not stand for the asserted proposition. *See, e.g., Griffiths v. CIGNA Corp.*, 988 F.2d 457, 472 (3rd Cir.) (finding only that evidence of stray remarks are insufficient to demonstrate a prima facie *mixed motive* case), *cert. denied,* —— U.S. ——, 114 S.Ct. 186, 126 L.Ed.2d 145 (1993); *Carter*, 870 F.2d at 582 (discussing a stray remark's ability to constitute *direct evidence* of discrimination); *Barnes*, 814 F.2d at 610–11 (same); *Torres v. County of Oakland*, 758 F.2d 147, 152 (6th Cir.1985) (finding only that *a single incident* of using derogatory language, *which was not in itself racially or ethnically charged,* could not constitute a violation of Title VII or 42 U.S.C. § 1981).[1] In contrast to the law regarding stray remarks constituting direct evidence of discrimination, the law's recognition of discrimi-

---

**1.** Plaintiff also cites to *Price Waterhouse v. Hopkins*, 490 U.S. 228, 109 S.Ct. 1775, 104 L.Ed.2d 268 (1989) as support, but does not provide a relevant page cite.

nation claims based solely on circumstantial evidence evinces the legal possibility of stray remarks rising to the level of prima facie evidence of discrimination.

In addition to misstating the law, Defendant does not discuss or analyze any of the "stray remarks" in the argument section of its brief. Instead, Defendant relies entirely on its assertion that stray remarks, by definition, cannot create a prima facie case. Because the Court rejects the premise on which Defendant rests its contention that Plaintiff cannot make out a prima facie case, the Court must also reject Defendant's contention.[2]

### 2. Defendant's Nondiscriminatory Reason for Terminating Plaintiff's Employment.

 Even if Plaintiff does make out a prima facie case of discrimination, Defendant contends that Plaintiff cannot show that Defendant's proffered nondiscriminatory reasons for terminating his employment are pretextual. Defendant proffers only one nondiscriminatory reason for terminating Plaintiff: "his [Plaintiff's] performance was simply not considered as good as that of the employees who were retained; in fact, he was one of the lowest rated technicians." Defendant's Response, p. 33.

Defendant does not cite, in the argument section of its brief, to evidence in the record which supports its claim that it terminated Plaintiff for nondiscriminatory reasons. Defendant, however, does cite to such evidence in its statement-of-the-case section. Defendant's failure to separate cites to the record which support its nondiscriminatory reasons from all other cites to the record, together with its failure to place those separated cites in it argument section, unnecessarily puts the Court to the task of parsing Defendant's twenty-six page statement of the case to extract those cites which may be relevant to this isolated part of Defendant's argument.

It should be a party's responsibility to direct the Court's attention separately to each portion of the record which supports each of the party's distinct arguments. In the instant case, because Defendant's statement of facts section is so long, and because Defendant's burden is only one of production—making pivotal the question of what factual arguments and evidence Defendant actual produced—the Court will not take it upon itself to decide which cites from the statement of facts section Defendant intends the Court to consider.

### 3. Plaintiff's Claim of Pretext.

The Court also notes that Defendant asserts that Plaintiff can only survive Defendant's motion by disproving all of Defendant's stated nondiscriminatory reasons "*and* [by] demonstrat[ing] intentional discrimination by establishing that the protected trait— age—'had a determinative influence on' the employer's decision." Defendant's Response, pp. 35–36 (emphasis in original) (citing *Hicks*, ── U.S. at ──────, 113 S.Ct. at 275–56 [sic] and *Hazen Paper Co. v. Biggins*, ── U.S. ──, ──, 113 S.Ct. 1701, 1706, 123 L.Ed.2d 338 (1993)). Although this is a correct statement of a plaintiff's burden should *the plaintiff* move for summary judgment, or of a plaintiff's burden at trial, it is an incorrect statement of a plaintiff's burden in response to a defendant's motion for summary judgment.

The Eleventh Circuit has described in helpful detail the precise nature of Plaintiff's burden at this stage in the *McDonnell Douglas* analysis:

> In order to establish pretext, the plaintiff is not required to introduce evidence beyond that already offered to establish the prima facie case.... The burden to avoid summary judgment is not to show by a preponderance of the evidence that the reasons stated where pretext. Rather, plaintiff's burden at summary judgment is met by introducing evidence that could form the basis for a finding of facts, which when taken in the light most favorable to the non-moving party, could allow a jury to

---

**2.** The Court also notes that Plaintiff cites, in its Response to Defendant's Motion for Summary Judgment ("Plaintiff's Response"), evidence which he claims can establish a prima facie case based on statistical evidence. Plaintiff's Response, pp. 9–10 (and evidence cited therein). In moving for summary judgment, Defendant did not attempt to demonstrate that Plaintiff has no evidence which would support a prima facie case based on statistical evidence.

find by a preponderance of the evidence that the plaintiff has established pretext. Issues of fact and sufficiency of evidence are properly reserved for the jury. The only issue to be considered by the judge at summary judgment is whether the plaintiff's evidence has placed material facts at issue.

*Hairston*, 9 F.3d at 921 (citations omitted). *See also id.* at 919 ("Placing [the burden of production] upon the defendant serves to frame the factual issues with sufficient clarity so that the plaintiff will have a 'full and fair opportunity to demonstrate,' through presentation of his own case and through cross-examination of the defendant's witnesses, 'that the proffered reason was not the true reason for the employment decision.'" (quoting *Hicks*, — U.S. at —, 113 S.Ct. at 2747)); *Chipollini v. Spencer Gifts, Inc.*, 814 F.2d 893, 900 (3rd Cir.1987) ("In the context of the summary judgment motion, however, the *court should have considered whether* evidence of inconsistencies and implausibilities in the employer's proffered reasons for discharge reasonably *could* support an inference that the employer did not act for nondiscriminatory reasons, not whether the evidence *necessarily* leads to that conclusion that the employer did act for discriminatory reasons." (emphasis in original)), *cert. dismissed*, 483 U.S. 1052, 108 S.Ct. 26, 97 L.Ed.2d 815.

Finally, the Court notes that Plaintiff, in responding to Defendant's alleged proffer, relies almost entirely on evidence regarding the information upon which his supervisors based their evaluations of him. Plaintiff does not present much evidence to challenge Defendant's explanation that it relied only on those evaluations (whatever their accuracy may be) in deciding to terminate Plaintiff's employment. A complete ruling on any dispositive motions in this suit would benefit from the parties' discussion of the sufficiency of such evidence and the proper focus of an attack on Defendant's proffered reason.

Because Defendant did not conform its arguments to an accurate reading of the law, and because Defendant did not adequately "identify those portions of the [record] which it believes show an absence of any genuine issue of material fact," *Hairston*, 9 F.3d at 918, the Court DENIES Defendant's Motion for Summary Judgment, but does so without prejudice. Defendant may file a new motion for summary judgment anytime within twenty days of the date of this Order. Plaintiff is then to be given proper notice and an opportunity to respond. The parties may reuse portions of their previous briefs, but they must include in their new briefs any arguments and any cites to the record which they want the Court to consider.

## CONCLUSION

The Court DENIES Plaintiff's Motion to Quash Amended Notice of Taking Deposition [31] and DENIES WITHOUT PREJUDICE Defendant's Motion for Summary Judgment [32]. The Court GRANTS Defendant leave until twenty days from the date of this Order to file a new motion for summary judgment.

So ORDERED.